VIRELLA, PETITIONER AND APPELLANT, *v.* CARRÉRAS ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 2, in an Application for a Writ of *Mandamus.*

No. 1322.—Decided July 14, 1915.

PRACTICE OF MEDICINE—EXAMINATION OF CANDIDATES—COLLEGE OF GOOD STANDING.—In an application for admission to examination before the Board of Medical Examiners the applicant must prove that he is a graduate of a medical school or institution of good standing and legally organized.

ID.—EXAMINATION OF CANDIDATES—COLLEGE OF GOOD STANDING.—The fact that the college in which the applicant was educated was given a certain classification by the American Medical Association and that the local board had admitted other candidates from colleges under the same classification, does not relieve the applicant from the necessity of proving the good standing of his college, especially as the classification of the applicant's college by the American Medical Association was made after he became a candidate and the local board had made inquiries and satisfied itself of the lack of standing of said college.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for the appellant.

*Mr. Jaime Sifre, Jr.,* special *fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The Board of Medical Examiners refused to admit Rafael Virella y Vergne to examination. Among the provisions of law with which a candidate is bound to comply is the following:

"*   *   *.  Applications from said candidates.  *   *   *  shall be in writing and accompanied by proof that the applicant is a graduate of a medical school or institution of good standing and legally organized."

The said Rafael Virella y Vergne made an application for a writ of *mandamus* to require the said Board of Medical Examiners to admit the petitioner to examination, alleging among other things, under paragraph four of his petition, that the said petitioner had made due application as a graduate of the Eastern University of Baltimore, a university of good standing and legally organized. This and other averments of the petition were put in issue by the answer of the respondents. Under the law and under his petition the appellant, among other things, was bound to prove that the Eastern University of Baltimore was a college or institution of good standing. This he failed to do.

Some time within the year 1913 the Board of Medical Examiners decided that hereafter it would not admit candidates to examination when the diplomas they presented came from colleges or universities classified under the letter "C" by the American Medical Association. The said American Medical Association classified the best colleges under "A," good ones with certain deficiencies under "B" and the poor ones under "C." The colleges or institutions classified under "C" are not recognized as having a good standing, either by the American Medical Association or by most of the states of the Union. At the time of the presentation of the application for examination by the petitioner the Eastern University had not been classified at all, not even under "C." The said university was classified under "C" by the said American Medical Association in the year 1914 and after the petitioner had presented his application.

The principal complaint of the petitioner was based upon the fact that the Board at approximately the same time admitted two candidates, namely, Mr. Mestre Caparrós and Miss Piñero, to examination after first having refused to ad-

mit them because their colleges were classified under "C." It appears that as the said two candidates presented their applications before the decision of the Board not to admit candidates from institutions classified under "C," the Board of Medical Examiners thought it unjust not to permit them to take their examinations, as it had previously admitted candidates to examination from other colleges classified under "C." The *fiscal* in his brief says that the Board had other reasons for admitting these two candidates, but we find no proof of it in the record.

In the case of the petitioner, however, at the time of his application the Board of Medical Examiners passed a resolution refusing to admit petitioner and several others because their diplomas did not come from colleges classified by the American Medical Association. The specific communication addressed to the petitioner was that the Board refused to accept his diploma because it did not consider the college from which it originated to be in good standing. The Board was not contented with these facts but it communicated with the Bureau of Insular Affairs to find out the standing of the Eastern University. We are satisfied that from the report which the Board had before it, received from the Bureau of Insular Affairs, the said Board was entirely justified in concluding that the petitioner's diploma did not come from a college of good standing. The idea of the petitioner is that as the other candidates under "C" colleges were admitted to examination, he likewise should have been so admitted. His college, as we have seen, was not registered under "C" at the time of the presentation of his application, and the Board has satisfied itself by independent inquiries that the Eastern University of Baltimore was not in good standing. It makes no difference, therefore, that the other candidates from colleges whose standing is questioned were admitted to examination. The Board might have been justified in refusing to admit the other candidates, seeing that the fundamental idea is that candidates should come from colleges of good stand-

ing.  The action of the Board with respect to other candidates matters not.  The petitioner was under an obligation to satisfy the Board of the good standing of his college.  He not only failed to do so but the defendant presented satisfactory affirmative proof that the Eastern University of Baltimore was not in good standing.  Therefore, it is unnecessary to consider the vigorously contested question of whether the duties of the Board were ministerial or discretional and what would be the rights of the petitioner from each aspect.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.